Fredy **MENDIOLAZA UNTIVEROS,**
Petitioner,

v.

John **ASHCROFT, Attorney General, Respondent.**

No. 03–70092, A77–827–203.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2004.

Decided May 20, 2004.

Jose Alberto Loayza, Culas & Loayza, Attorneys at Law, Midvale, UT, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the Deputy Chief Counsel, Department of Homeland Security, Helena, MT, Richard M. Evans, Carl H. McIntyre, Jr., Leslie McKay, U.S. Department of Justice, Washington, DC, for Respondent.

Before HUG, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM *

Petitioner Fredy Mendiolaza Untiveros petitions this court for review of the Board of Immigration Appeals' denial of his claims for asylum, withholding of removal, and protection under the Convention Against Torture. His petition is denied. Because the facts and proceedings are familiar to the parties they will not be recounted here.

■ The Immigration Judge ("IJ") denied Mendiolaza Untiveros's petition for asylum because he failed to file it within one year of arriving in the United States.[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the Board of Immigration Appeals affirmed the IJ's decision without opinion, we review the IJ's opinion as the final agency

His asylum claim is therefore time-barred. 8 U.S.C. § 1158(a)(2)(B); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). Because the IJ based his decision to deny the claim on the timing of the asylum petition, and not on its merits, this court does not have jurisdiction to review the IJ's decision with respect to the asylum petition. 8 U.S.C. § 1158(a)(3).

■ We do, however, have jurisdiction to review the IJ's denial of Mendiolaza Untiveros's petition for withholding of removal. 8 U.S.C. § 1252. The IJ's decision must be affirmed if it is supported by substantial evidence. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Wang v. Ashcroft,* 341 F.3d 1015, 1019–20 (9th Cir.2003). Mendiolaza Untiveros was unable to show that there is a clear probability that his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. *See INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). The petitioner's single encounter with the members of the Shining Path did not rise to the level of past persecution as there is no evidence that the guerillas did more than try to recruit him into their army. Recruitment efforts by guerillas are not sufficient to constitute past persecution. *Elias–Zacarias,* 502 U.S. at 481–82.

Nor is it more likely than not that Mendiolaza Untiveros would suffer future persecution if he returned to Peru. His family, who are all members of the Assembly of God church, have lived peacefully in Peru. Given the Shining Path's diminished state, there is not a clear probability that its members would persecute the petitioner either on account of his religion or because of a political opinion they might impute to

him due to his sudden departure to the United States after their recruitment efforts.

■ Finally, Mendiolaza Untiveros does not make out a Convention Against Torture claim because mistreatment by non-governmental entities does not qualify as torture under the Convention. *Zheng v. Ashcroft,* 332 F.3d 1186, 1188 (9th Cir. 2003). The petitioner does not claim mistreatment by or with the acquiescence of the Peruvian government, so he does not qualify for protection under the Convention Against Torture.

The petition for review is DENIED.

determination. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003).